IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS HALLFORD,  )
  )
    *Plaintiff,*  )
  )
-vs-  )  Case No. 2:18-cv-927-GMB
  )
CITY OF GREENVILLE, an  )  JURY DEMAND
municipality,  )
  )
    *Defendant.*  )
  )

## COMPLAINT

Speech on public issues occupies the highest rung of the hierarchy of First Amendment values and is entitled to special protection.

---*Snyder v. Phelps*, 131 S.Ct. 1207, 1211, 562 U.S. 443, 444 (U.S. 2011).

### I.
### Introduction

1. Thomas Hallford brings this action against the City of Greenville in Butler County, Alabama pursuant to 42 U.S.C. § 1983 for redress of wrongs committed by the Defendant, and for compensation for injuries arising out of the Defendant's intentional deprivation of his constitutionally protected rights under the First and Fourteenth Amendments to the United States Constitution as well as its violation of his rights under corollary provisions of the Constitution of the State of Alabama. Specifically, the Plaintiff sues the Defendant for its retaliation against him for the exercise of his freedom of political expression as a private citizen, for his commentary on social media, and his response to a comment posted on his personal and private Facebook page about a current event of inherent public concern and nationwide interest.

2. The Defendant also has adopted an arbitrary and double standard by selectively enforcing its policies with regard to employee use of social media. The severity of the penalty imposed in this case – termination -- was arbitrary and constitutes viewpoint discrimination. The Defendant's arbitrary practice, custom, usage and policy have the effect of intentionally, and without a rational basis, treating the Plaintiff differently from others who are similarly situated and constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment.

3. Plaintiff seeks declaratory relief, nominal damages, compensatory damages and reasonable attorney's fees and costs as permitted by 42 U.S.C.§.1988.

## II.
## Jurisdiction and Venue

4. Jurisdiction is vested in this Court to hear and decide all issues presented in this case pursuant to 28 U.S.C. § 1331, 1343 and 1367, this case being predicated on a federal question and the enforcement of certain federal constitutionally protected rights as guaranteed under the First and Fourteenth Amendments of the United States constitution.

5. The Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

6. Venue is proper in this Court under 28 U.S.C.§ 1491(b), as the Plaintiff and the Defendant reside or are situated within this federal district and the Defendant's wrongful conduct took place within this federal district.

### III.
### Parties

#### *Plaintiff*

7. Thomas Hallford is an adult citizen and resident of Greenville, Butler County, Alabama, and is a former employee of the City of Greenville, in Butler County, Alabama.

#### *Defendant*

8. The City of Greenville in Butler County, Alabama is a local body politic and municipality and exists under and by virtue of the laws of the State of Alabama.

### IV.
### Facts

9. Thomas Hallford was employed by the City of Greenville as a commissioned police officer in November of 2017.

10. The Plaintiff was assigned to funeral detail.

11. While at the funeral, Officer Hallford witnessed a young man wearing a shirt that said, "FUCK THE POLICE".

12. The Plaintiff later post to his personal Facebook account, "Who wears shirts to a funeral that shows their ignorance?" Later commenting on the post, "I just wonder if the family supports their stupidity?"

13. The Plaintiff was called into Mayor Dexter McLendon's office and told he was being suspended for five (5) days without pay regarding the Facebook post to his personal account.

14. On the fourth day of the Plaintiffs suspension, he was called back into Mayor McLendon's office and told he was being fired.

15. Other Officers of the Greenville Police Department have posted to their personal Facebook accounts while on duty and in uniform, yet have not been discharged.

### VI.
### Causes of Action

#### COUNT I

## 42 U.S.C. § 1983
## Violation of First Amendment of United States Constitution

16. Plaintiff incorporates by reference herein as fully as though set forth verbatim the allegations set forth in the preceding numbered paragraphs and does further allege as follows.

17. The Defendant's decision to terminate the Plaintiff's employment was retaliatory in nature and based, in whole or in part, on his personal exercise of his protected free speech activity on a matter of inherent public concern.

18. The Defendant's actions, as set forth herein, served to deprive the Plaintiff of, and to infringe upon, his protected rights of freedom of expression as guaranteed by the First Amendment of the United States Constitution.

19. As a proximate result of the Defendant's actions, the Plaintiff has suffered, and continues to suffer, economic and pecuniary damages in the form of loss of earnings and the destruction of his professional reputation and career in law enforcement. In addition, the Plaintiff has suffered mental anguish, humiliation, embarrassment and emotional injury for which he is entitled to an award of compensatory damages.

## COUNT II

## Violation of Alabama Constitution
### Article I, Section 4

20. Plaintiff incorporates by reference herein as fully as though set forth verbatim the allegations set forth in the preceding numbered paragraphs and does further allege as follows.

21. Article I § 4 of the Constitution of the State of Alabama provides as follows:

> ***Freedom of speech and press.***
>
> That no law shall ever be passed to curtail or restrain the liberty of speech or of the press; and any person may speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that liberty.

22. The Defendant's decision to terminate the Plaintiff's employment was retaliatory in nature and based, in whole or in part, on his personal exercise of his protected free speech activity on a matter of inherent public concern.

23. The Defendant's actions, as set forth herein, served to deprive the Plaintiff of, and to infringe upon, his protected rights of freedom of expression as guaranteed by the Constitution of the State of Alabama.

24. As a proximate result of the Defendant's actions, the Plaintiff has suffered, and continues to suffer economic and pecuniary damages in the form of loss of earnings. In addition, the Plaintiff has suffered mental anguish, humiliation, embarrassment and emotional injury for which he is entitled to an award of compensatory damages.

### COUNT III
### Equal Protection Clause
### Of the Fourteenth Amendment of the United States Constitution

25. Plaintiff incorporates by reference herein as fully as though set forth verbatim the allegations set forth in the preceding numbered paragraphs and does further allege as follows.

26. The Equal Protection Clause of the Fourteenth Amendment protects each person against intentional, arbitrary government discrimination, whether based on a policy's express terms or improper implementation by government agents.

27. The Supreme Court has recognized successful equal protection claims brought by a "class of one," in which a plaintiff alleges that the government has intentionally and without a rational basis treated him differently from others who are similarly situated.

28. The Defendant has selectively and arbitrarily enforced its City of Greenville Personnel Policies and Procedures (CGPPP) Section 7 & 3. (See Exhibit A). The effect of the Defendant's practice, custom and policy is to erect a double standard which discriminates against the Plaintiff based on the content and viewpoint of his speech activity.

29. The Defendant's actions, as set forth herein, served to deprive the Plaintiff of, and to infringe upon, his protected rights of freedom of expression as guaranteed by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

30. As a proximate result of the Defendant's actions, the Plaintiff has suffered, and continues to suffer economic and pecuniary damages in the form of loss of earnings. In addition, the Plaintiff has suffered mental anguish, humiliation, embarrassment and emotional injury for which he is entitled to an award of compensatory damages.

## COUNT IV

### Due Process Clause
### Violation of Fourteenth Amendment

31. Plaintiff incorporates by reference herein as fully as though set forth verbatim the allegations set forth in the preceding numbered paragraphs and does further allege as follows.

32. At the time of Plaintiff's termination, the Defendant maintained CGPPP Section 7 & 3, which provides as follows:

**CGPPP, Section 7 - Performance Management (7.3.6)**
**Group Two Offenses.**

A.      Conduct Unbecoming an Employee

1.      The conduct unbecoming an employee while on or off duty, which tend to bring discredit upon the City or its employees or which otherwise threatens order, safety or health.

**CGPPP, Section 3 - General Policies (3.13.2.2)**

B.      Personal Cellular Telephones

2.      If employees bring personal cell phones to work, these devices are to be used as determined by the Department Head and should not be a distraction to others. Abuse of cell phone usages will lead to disciplinary measures.

65. Plaintiff alleges that this rule of conduct, as applied in the instant case, is unconstitutionally vague and overbroad.

66. In addition to being unconstitutionally vague, the Defendant's policy has the

impermissible effect of restricting the Plaintiff's constitutionally guaranteed right to freedom of expression.

67. Plaintiff seeks declaratory judgment declaring this provision of the Defendant's policy unconstitutional.

## Request for Relief

### *Declaratory Judgment*

1. An actual controversy exists between the parties as to whether the Defendant's policies, practices and customs with regard to the restrictions placed its employee's free speech activity as expressed on the employee's personal social media are enforced in an arbitrary manner and therefore violate the Plaintiff's constitutional rights. Plaintiff respectfully requests a declaratory judgment that the actions of the City of Greenville in Butler County, Alabama violated the federal and state constitutional rights of the Plaintiff.

### *Compensatory Damages*

2. Plaintiff seeks an order awarding compensatory damages for the Defendant's violation of his federal and state constitutional rights in the amount of $2,000,000.

### *Attorney's Fees and Costs*

3. Plaintiff seeks an order awarding the costs of this cause, including attorney's fees, costs and expenses under 42 U.S.C. § 1988.

### *Jury Demand*

4. Plaintiff demands a jury to hear and try this case.

### *Other Relief*

5. Plaintiff additionally requests such other relief as the Court deems just and proper.

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

/s/ Patrick L. Hays, Jr.

PATRICK L. HAYS, JR
Attorney for Plaintiffs
ASB-2301-C45H

OF COUNSEL:
THE HAYS LAW FIRM, LLC
415 E. Commerce St. Ste 201
Greenville, AL 36037
Telephone: (334) 371-4297

**PLEASE SERVE DEFENDANT BY U. S. CERTIFIED MAIL AS FOLLOWS:**

CITY OF GREENVILLE
DEE BLACKMON
P.O. BOX 158
GREENVILLE, AL 36037